1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

8
9
10
11
12
13
14

Robert M. Lepson,                    )    No.  CV-20-00208-SPL (CDB)
                                     )
             Plaintiff,              )    **ORDER**
                                     )
vs.                                  )
                                     )
Corizon Health Care, et al.,         )
                                     )
             Defendants.             )
                                     )
_____      )

15   On January 1, 2020, Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983
16   (Doc. 1), as well as a motion for leave to proceed in forma pauperis (Doc. 2).  In this
17   Court's February 27, 2020 Order (Doc. 6), the Court found as follows:

18           Liberally construed, Plaintiff has stated a claim in Count One
19           against Defendant Corizon regarding its policy, custom, or
             practice of providing the cheapest possible medical care to save
             costs, regardless of medical needs; an Eighth Amendment
20           medical care claim in Count Two against Defendants Sewell
             and Burns for failure to treat Plaintiff's injuries; an Eighth
21           Amendment threat-to-safety or failure-to-protect claim in
             Count Three against Defendants Sewell and Burns for
22           returning Plaintiff to the general population after he was
             assaulted; an Eighth Amendment claim threat-to-safety or
23           failure-to-protect claim in Count Three against Defendant
             Burns for placing Plaintiff in administrative segregation rather
24           than the medical unit after the second assault; and an Eighth
             Amendment medical care claim in Count Three against
25           Defendant Burns for discontinuing Plaintiff's medication.

26
27   The Court ordered Defendants Sewell and Burns to answer the relevant portions of Counts
     Two and Three, and Defendant Corizon to answer Plaintiff's claim for damages in Count
28

One. Because Corizon is no longer the contracted healthcare provider, the Court further ordered Defendant Centurion to answer Plaintiff's claim for injunctive relief (Doc. 1 at 10).

On April 3, 2020, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 17).  Plaintiff seeks to restate allegations against Todd, Stewart, Johnson, Weekly, Barrett, and Smith, as well as add additional defendants and a fifth claim for relief (Doc. 17).  On June 2, 2020, the Honorable Camille D. Bibles, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 27), stating that, liberally construed, "Plaintiff has stated an Eighth Amendment claim in amended Count Four against Trinity Food Services for violation of his Eighth Amendment rights by the denial of an adequately-nutritious liquid diet as prescribed by his medical care providers." (Doc. 27 at 14).  The R&R further states that, "broadly construed, Plaintiff's proposed amended complaint adequately states a claim for the denial of adequate medical care by 'Dr. M. Bartels,' Julia Barnett, Dr. Babbitich, and Stewart, because these individuals knew of Plaintiff's serious medical need for the surgery; they had the authority to order the surgery, and they allegedly unreasonably delayed the surgery for more than a year." (Doc. 27 at 15).  Accordingly, the R&R recommends that the Court order Defendant Trinity Food Services to answer the relevant portions of Count Four in the amended complaint, and further order Defendants M. Bartels, Julia Barnett, Babbitich, and Scott Stewart to answer the relevant portions of Count Five in the amended complaint (Doc. 27 at 15).  Judge Bibles advised the parties that they had fourteen (14) days to file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1).  It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy).

The Court has carefully reviewed the motion and record.  The Petitioner's objections to the findings and recommendations have also been thoroughly considered (Doc. 32), although they constitute a recitation of the claims in his proposed amended complaint. Plaintiff also argues that as a pro se plaintiff, he is held to less stringent standards, and the allegations should be sufficient to allow for an opportunity to provide supporting evidence (Doc. 32 at 4).  The Court notes, however, that although Plaintiff is correct that pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action, *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

After conducting a *de novo* review of the motion and objections, the Court reaches the same conclusions reached by Judge Bibles.  Accordingly, the R&R will be adopted in full.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 27) is **accepted** and **adopted** by the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Leave to File a First Amended Complaint (Doc. 17) is **granted in part** as more particularly set forth in the R&R of the Magistrate Judge (Doc. 27).

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the First Amended Complaint separately on the docket (Doc. 17).

**IT IS FURTHER ORDERED** that Plaintiff's objections (Doc. 32) are **overruled**.

**IT IS FURTHER ORDERED** that Defendant Trinity Food Services shall answer

the relevant portions of Count Four of Plaintiff's proposed amended complaint.

**IT IS FURTHER ORDERED** that Defendants M. Bartels, Julia Barnett, Babbitich, and Scott Stewart shall answer the relevant portions of Count Five of Plaintiff's proposed amended complaint.

Dated this 13th day of July, 2020.

Honorable Steven P. Logan
United States District Judge

4