**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert M. Lepson,<br><br>           Plaintiff,<br>vs.<br><br>Corizon Health, et al.,<br><br>           Defendants. | No. CV-20-00208-PHX-SPL-CDB<br><br>**ORDER** |

On January 29, 2020, Plaintiff filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). On March 23, 2020, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 13). The Court now has before it Plaintiff's Motion to Amend/Correct Amended Complaint (Doc. 64), the Report and Recommendation ("R&R") (Doc. 102), and Plaintiff's Objection (Doc. 110). Plaintiff seeks to amend the FAC to add an additional 24 defendants and three claims for relief, and substitute one claim of relief for another. (Doc. 64). In the R&R, although the proposed Second Amended Complaint (Doc. 64-1) is comprised of "90 plus pages of redundant and many legally frivolous allegations," (Doc. 102 at 10), United States Magistrate Judge Camille D. Bibles carefully considered each proposed amendment to Plaintiff's Complaint and ultimately recommended that the Motion to Amend be denied. (Doc. 102 at 21).

As to Counts One and Two, the Magistrate Judge concluded that Plaintiff "does not appear to add claims or defendants." (Doc. 102 at 11, 12). As to Count Three, the Magistrate Judge found that Plaintiff "deletes his Eighth Amendment claim and asserts a

due process claim" but that Plaintiff then "failed to state" the due process claim. (Doc. 102 at 13-14). The Magistrate Judge concluded that "allowing Plaintiff to proceed on Count Three of the proposed second amended complaint, would require, in essence, dismissing Count Three of the Amended Complaint . . . because Plaintiff deletes this claim in his proposed second amended complaint." (Doc. 102 at 14). As to Counts Four and Five, the Magistrate Judge found that "Plaintiff fails to state a claim sufficient to add any defendants or claims for relief." (Doc. 102 at 17, 19).

In his Objection, Plaintiff only objects to the R&R's conclusion as to Counts Six through Eight, which are new causes of action alleging that Defendants improperly addressed Plaintiff's grievances as to his dentures, swollen lymph nodes and esophageal issues, and liquid diet. (Doc. 110); (Doc. 102 at 19-21). The Magistrate Judge recommended denying the Motion to Amend as to these claims because they either "do[] not appear to arise out of the same transaction or occurrences on which Plaintiff is already proceeding" or because "Plaintiff essentially re-asserts the same claim" as in the FAC. (Doc. 102 at 20, 21).

A district judge may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has carefully undertaken an extensive review of the motion and record. The Petitioner's objections to the findings and recommendations as to Counts Six through Eight have also been thoroughly considered. Although Plaintiff is correct that "the court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a), the court may deny amendment where it would cause undue delay or prejudice to the opposing party, *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Further, even the liberal standard for allowing amendment does not save Plaintiff's proposed new claims from failing to arise from the same transaction or occurrence as the FAC claims. *See* Fed. R. Civ. P. 20(a)(2) (a plaintiff may only join multiple defendants in one action if "any right to relief . . . aris[es] out of the same transaction, occurrence, or series of transactions and occurrences" and a "question of law or fact common to all defendants will arise in the action"); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *see also Givens v. California Dep't of Corr. & Rehab.*, No. 2:19-CV-0017 KJN P, 2020 WL 1324085, at *1 (E.D. Cal. Mar. 20, 2020) ("Plaintiff is advised that the provision of medical care, standing alone, is not the equivalent of 'arising from the same transaction, occurrence, or series of transactions and occurrences.'").

After conducting a *de novo* review of the motion and objections, the Court reaches the same conclusions reached by Judge Bibles. Accordingly, the R&R will be adopted in full.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 102) is **accepted** and **adopted** by the Court.

**IT IS FURTHER ORDERED** that the Petitioner's Objection (Doc. 110) is **overruled**.

///
///
///
///

3

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct Amended Complaint (Doc. 64) is **denied**.

Dated this 23rd day of November, 2020.

Honorable Steven P. Logan
United States District Judge